## GILBERT, HEDGE & CO. v. THARP ET AL.

1. **Mechanic's Lien**: WHEN ACCOUNT CLOSED: INTERVENING MORTGAGE. The account on which a mechanic's lien was claimed amounted to about $800, and was carried along with reasonable continuity until August 5, 1882, and there was but one other charge, to-wit, a charge of $4.45, dated March 27, 1883. On November 11, 1882, more than ninety days after August 5, 1882, a mortgage was executed on the property. *Held* that, as to the mortgagee, the account should be held to close August 5, 1882, and not March 27, 1883.

2. **Decree**: CONSTRUCTION: PRIORITY AS BETWEEN MORTGAGES AND MECHANIC'S LIEN. Plaintiffs brought their action to foreclose a mechanic's lien, making T., the owner of the property, and C. and P., mortgagees, parties defendant. The plaintiffs and C. and P. each sought to have his lien decreed superior to the others, the mortgagees each filing cross-bills for that purpose. C., as a defendant to P.'s cross-bill, made default, and on such default a decree was entered adjudging P.'s mortgage to be superior to his. Yet the decree as to the mechanic's lien was that it was superior to P.'s and inferior to C.'s mortgage. *Held* that the decree against C. on P.'s cross-bill did not have the effect to transfer to P. the rights adjudicated to C., as a superior lienholder in the decree in the principal case. (Compare head-note 4 in this case.)

3. **Mechanic's Lien**: SUBSEQUENT MORTGAGES: GOOD FAITH. A mortgage taken more than ninety days after the last item in an account for a mechanic's lien, and before the statement for the lien is filed, is an incumbrance in good faith, without notice, within the meaning of § 2133 of Miller's Code, (providing that such incumbrance shall be superior,) where the mortgage is taken for a valid consideration, and without notice to the mortgagee of any intention to make a claim for a mechanic's lien.

4. ———: ———: PRIORITY: MARSHALING ASSETS. On March 27, 1883, plaintiffs filed their claim for a mechanic's lien, but the last item in their account was dated August 5, 1882. Within ninety days after the date of said last item, P. took a mortgage on the property. More than ninety days after said date, but before the statement was filed, C. took a mortgage on the property. *Held* that C.'s mortgage was, under the mechanic's lien law, superior, and P.'s inferior, to the mechanic's lien, but that as to the mortgagor's interest in the property, over and above the mechanic's lien, P.'s lien was superior to C.'s. In other words, that plaintiffs, by failing to file their claim within ninety days from said last item, lost their lien as to C., and that C. was let in as a first lienholder to so much of the mechanic's lien as was necessary to satisfy his mortgage, and that P. was entitled to have his mortgage satisfied out of the residue of the proceeds of the property, after deducting the amount of the mechanic's lien.

*Appeal from Monroe District Court.*

FRIDAY, MARCH 4, 1887.

THIS is an action in equity, in which the plaintiffs seek to establish a mechanic's lien for lumber furnished for buildings and other improvements upon a tract of land owned by the defendant Tharp. The defendants Potter and Cox each held a mortgage upon the property. These mortgages were executed by Tharp. The mortgagees filed cross-petitions, asserting their mortgage liens, and Tharp answered the cross-bill of the defendant Cox by claiming that it was without consid- eration. The district court found that a part of the account of plaintiffs should be established as a mechanic's lien against the property, and that it was superior to Potter's mortgage, and inferior to the mortgage held by Cox, and that Potter's mortgage was superior to the Cox mortgage. As to Tharp's defense against the Cox mortgage, it was held that the defense was not sustained by the evidence. The plaintiffs, and the defendants Tharp and Potter, appeal.

*James Coen*, for plaintiffs and T. S. Tharp, appellants.

*T. B. Perry*, for Potter, appellant

*Wm. A. Nichol*, for Cox, appellee.

ROTHROCK, J.—I. The evidence upon the issue of fact as to the validity of the Cox mortgage is exceedingly compli- cated and difficult to understand. It involves a series of loosely conducted business transactions between Tharp and the husband of the mortgagee, which it would be next to impossible to state in writing in an intelligible manner. We have given this evidence an examination which has consumed much time and labor, and our conclusion is that the district court correctly found that the defense was not sustained by proof.

II. A question was made as to when the last item of the plaintiffs' account for a mechanic's lien accrued. The plaintiffs claim that the last item of account, and last material furnished, was on the 23d day of March, 1883. It appears from the account that on that day the plaintiffs furnished to Tharp eighty feet of flooring and ninety-eight feet of stock boards, and the price charged therefor was $4.45. The last item of account preceding this was on the 5th day of August, 1882. The court found that, as against the Cox mortgage, the account closed on the latter date. The affidavit claiming a mechanic's lien was not filed until March 27, 1883. The mortgage to Cox was executed on the 11th day of November, 1882, more than ninety days after the last item in the account, if it be held that the account closed on the 5th day of August. We think that the court correctly held under the evidence that, as between the claimant for a mechanic's lien and the mortgagee, the account was closed on the 5th day of August, 1882. The account then amounted to more than $800, and was carried along with a reasonable continuity. There was then a lapse of over seven months, when the last charge of $4.45 was made.

*1. MECHANIC's lien : when account closed: intervening mortgage.*

III. Certain defaults were entered during the progress of the proceedings and before the final trial. The defendant Tharp was defaulted as to the claim of the plaintiffs. He appears to have been making common cause with the plaintiffs to defeat the Cox mortgage. The Potter mortgage was executed on the 31st day of August, 1882. It will be observed that it is prior in point of time to the Cox mortgage, and within ninety days from the 5th day of August, the date of the last item in the account for a mechanic's lien. Potter filed a cross-bill, seeking a foreclosure of his mortgage, in which he made the plaintiffs and Cox parties defendant, and claimed that his lien was superior to either of the other liens. The plaintiffs answered the cross-bill, but Cox made default, and

*2. DECREE: construction: Priority as between mortgages and mechanic's lien.*

a decree was entered, adjudging Potter's mortgage to be superior to the Cox mortgage. Appellants claim that this was an adjudication that Cox could take nothing as against the Potter mortgage. But we think that decree should not be held to have that effect. All through the progress of the case, or rather the cases, (for they really involve issues sufficient for three or more bills in chancery,) it was claimed that, as between the mechanic's lien and Cox's mortgage, the plaintiffs' lien should be held inferior; and the decree entered for Potter during the progress of the case provided that the plaintiffs' claim was not to be affected. There was, then, an issue distinctly made and pending between plaintiffs and Cox as to which lien was in equity superior. Potter's decree did not affect this issue. It left the question unsettled as to the priority of the plaintiffs' lien and the lien of Cox. We think, in view of the complication of the record, and the manner in which the cause was conducted and tried in the court below, and in view of what we regard as the equitable rights of Cox, that it would be grossly unfair and inequitable to hold that her mortgage was practically disposed of and wiped out by the decree in question. It appears from the record that what is now claimed for this decree was presented to the court below after the case was finally decided, and upon a reconsideration of the case. We think there is nothing in the decree which requires us to hold that, if Cox's lien is superior to the lien of the plaintiffs, such a holding should not operate in favor of Cox, but in favor of Potter. There might be good ground for holding that the rights of Cox to priority were adjudicated if these proceedings had been by independent action. But the rights of the parties ought not to be disposed of by a decree pending these actions, when out of the inexplicable confusion of the record one fact stands out prominent, which is that all three of the lienholders were at all times seeking to establish their liens as paramount to the others.

IV. It is provided in section 2133 of Miller's Code that,

if a principal contractor fails to file a verified statement for a lien within ninety days from the date on which the last of the material was furnished, his lien will be junior to the rights of purchasers or incumbrancers in good faith, without notice, whose rights accrued after ninety days, and before any claim for the lien was filed. The mortgage to Cox was not taken until more than ninety days from the last item of the account. It is claimed that the mortgagees, Cox and Potter, did not show that they were good faith incumbrancers without notice. We have found that the mortgage executed to Cox was founded upon a different consideration; and, as to the Potter mortgage, the proof shows that his mortgage was founded upon a loan of money to Tharp. These facts show that the mortgages were taken in good faith, and, as we understand the testimony of Mrs. Cox, she stated that, when she took her mortgage, she had no notice of any intention to assert a mechanic's lien upon the property. As we hold that the mechanic's lien was superior to the Potter mortgage, the question as to notice of the lien to him becomes immaterial.

V. We come now to the main question in the case. It will be remembered that the Potter mortgage was executed within ninety days from the date of the last item of materials furnished by the plaintiffs. Under the statute, the mortgagee was bound to take notice of the rights of the material-men to assert a mechanic's lien. The mechanic's lien was filed March 27, 1883, and we hold that it is a lien prior and superior to the Potter mortgage. This determines the question of priority between these two parties. But the Cox mortgage was not executed until after ninety days from the last item of material furnished. There was, then, under the statute, no constructive notice to Cox of the mechanic's lien, because the ninety days had elapsed, and the account or statement for a lien was not then filed. The mechanic's lien was therefore not superior to the Cox mortgage; and, as the Potter mortgage was inte-

rior and junior to the mechanic's lien, it seems to us it follows that to the extent of the mechanic's lien the Cox mortgage is the first lien. This position must be correct, because the question is not between the liens of the two mortgages. The Potter mortgage is junior to the mechanic's lien, and cannot be held to affect the interest created by the mechanic's lien on the property. Potter never had a mortgage upon this interest. Suppose he had foreclosed his mortgage by an independent action against Tharp; he would have acquired by such foreclosure just the interest that Tharp had when he made the mortgage, and the mechanic's lien interest would still have been good against his title. Then, if Cox had foreclosed, making parties of all persons interested, it would have been decreed that his mortgage was superior to the mechanic's lien. Such a decree would deprive Potter of no right. It is true, being a party, he might insist, as he insists now, that the fact that the Cox mortgage is superior to the mechanic's lien should be held to create a right in him by reason of the Cox mortgage; but this would be the creation of a lien in his favor which he never acquired by contract or otherwise. The measure of his rights is a lien upon the property after the mechanic's lien is satisfied; and, by the plain provisions of the statute, the plaintiffs lost their right to a lien, as against the Cox mortgage, by failing to file the same within ninety days. These were the views of the district court as to the rights of the parties, and we think they were correct. These views find support in the cases of *Day v. Munson*, 14 Ohio St., 488, and *Simon v. Openheimer*, 20 Fed. Rep., 553.

AFFIRMED.